CENTER FOR DISABILITY ACCESS
RAYMOND G. BALLISTER, JR., ESQ., SBN 111282
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
9845 Erma Road, Suite 300
San Diego, CA 92131-1084
Phone: (760) 744-9848; Fax: (760) 744-9840
RayBallister@cda4access.com

Attorney for Plaintiff, JUAN MORENO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MORENO,<br><br>Plaintiff,<br><br>v.<br><br>LA CURACAO, A California Corporation; ADIR INTERNATIONAL, LLC, A Delaware Limited Liability Company; EL PASEO SOUTH GATE, LLC, A California Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No: CV10-01492-PLA<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE<br><br>**DEMAND FOR JURY** |

Plaintiff JUAN MORENO complains of Defendants LA CURACAO, A California Corporation; ADIR INTERNATIONAL, LLC, A Delaware Limited Liability Company; EL PASEO SOUTH GATE, LLC, A California Limited Liability Company, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION:**

1. This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for violation of the Americans

-1-

Complaint

with Disabilities Act and related state laws addressing the defendants' denial of participation in and provision of an unequal benefit of the services to patrons with disabilities. Plaintiff seeks injunctive relief and damages for violations of civil rights and for damages flowing from such violations.

**PARTIES:**

2. Plaintiff is a California resident with physical disabilities. He is a paraplegic who requires a wheelchair for mobility.

3. Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Home Furnishings Store located at 8618 Garfield Avenue, South Gate, California.

4. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained

**JURISDICTION:**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

6. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8. The Plaintiff shopped at the Home Furnishings Store in July, 2008, looking to purchase a new television set.

9. The Home Furnishings Store is a facility open to the public, a place of public accommodation, and a business establishment.

10. Unfortunately, the Home Furnishings Store facility presented barriers to persons in wheelchairs, violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, there was a lack of accessible path of travel onto the sidewalk that fronts and leads into the store, and there was a lack of properly located accessible parking.

11. Naturally, Plaintiff MORENO was frustrated, angry and/or vexed as a result of encountering unlawful conditions, violations of his civil rights, and the lack of safe, convenient and accessible facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of Plaintiff's civil rights by these defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the Defendants and Plaintiff seeks redress from these Defendants for such injury.

12. Plaintiff would like to return and patronize the Defendants' Home Furnishings Store but because of Plaintiff's knowledge of the existence of the inaccessible conditions and policies, the Plaintiff is unable to use the Home Furnishings Store on a "full and equal" basis until the Home Furnishings Store is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein. Plaintiff has been and currently is

Complaint

being deterred from returning and patronizing the Defendants' Home Furnishings Store.

**I. FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42 U.S.C. section 12101, et seq.)

**13.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of accessible path of travel onto the sidewalk that fronts and leads into the store, and there was a lack of properly located accessible parking, is unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**II. SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

**14.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The Defendants intended the physical and architectural condition of their property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or

California Building Code, including, but not limited to, there was a lack of accessible path of travel onto the sidewalk that fronts and leads into the store, and there was a lack of properly located accessible parking, is unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

15. The acts alleged above, which form the basis of the Plaintiff's discrimination claim, are intentional acts.

### III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

16. The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of accessible path of travel onto the sidewalk that fronts and leads into the store, and there was a lack of properly located accessible parking, is unlawful and has resulted in the Defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

### IV. FOURTH CAUSE OF ACTION: NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

17. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the Plaintiff in the running of their Home Furnishings Store. Their breach of this duty, as alleged in the preceding

paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. **Note:** the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: February 24, 2010            CENTER FOR DISABILITY ACCESS

By: _____
RAYMOND G. BALLISTER, JR.
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: February 24, 2010            CENTER FOR DISABILITY ACCESS

By: _____
RAYMOND G. BALLISTER, JR.
Attorneys for Plaintiff

-6-

Complaint