JS-6    O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01492 ODW (FMOx) | Date | September 22, 2010 |
|---|---|---|---|
| Title | *Juan Moreno v. La Curacao, et al.* | | |

| Present: The Honorable | Otis D. Wright II, United States District Judge | | |
|---|---|---|---|
| Raymond Neal | Not reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| Not present | Not present | | |

**Proceedings (In Chambers):**   Order GRANTING IN PART Plaintiff's Motion for Default Judgment [20]

Currently before the Court is Plaintiff Juan Moreno's ("Plaintiff") July 13, 2010 Application for Default Judgment against Defendants La Curacao ("La Curacao"), Adir International, LLC ("Adir"), and El Paseo South Gate, LLC ("El Paseo") (collectively "Defendants").  (Dkt. # 20.)  Having considered the arguments made in support of the instant Application and Plaintiff's response to the Court's September 3, 2010 Order to Show Cause (Dkt. #s 25, 26), the Court deems this matter appropriate for decision without oral argument.  *See* FED. R. CIV. P. 78; L.R. 7-15.  For the following reasons, the Court GRANTS IN PART Plaintiff's Motion.

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) requires that a party apply for default judgment in all cases in which the requirements for clerk-entered judgment cannot be met.  FED. R. CIV. P. 55(b)(2).  An applicant must apply for a court-ordered default judgment where: (1) the claim is for an amount that is not certain or capable of being made certain by computation; (2) the defendant, although in default, has appeared in the action; (3) the defendant is a minor or incompetent; or (4) the defendant is in military service or is the United States.  FED. R. CIV. P. 55(b)(2).  An applicant for default judgment is not required to give notice to a defaulting party who has not appeared in the action.  *See Walker & Zanger (West Coast) Ltd. v. Stone Design, S.A.*, 4 F. Supp. 2d 931, 935 (C.D. Cal. 1997), *aff'd*, 142 F. 3d 447 (9th Cir. 1998).

Pursuant to Local Rule 55-1, an application for a default judgment shall include: (1) when and against what party the default was entered; (2) the identification of the pleadings to which the default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Service Member's Relief Act does not apply; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2).  L.R. 55-1.

JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01492 ODW (FMOx) | Date | September 22, 2010 |
|---|---|---|---|
| Title | *Juan Moreno v. La Curacao, et al.* | | |

If the court determines a defendant is in default, the defendant's liability is conclusively established and the well-pleaded factual allegations in the complaint, except those pertaining to damages, are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F. 2d 915, 917-919 (9th Cir. 1987); *Geddes v. United Fin. Group*, 559 F. 2d 557, 560 (9th Cir. 1977).

## II.  DISCUSSION

### A.  THE FACTUAL ALLEGATIONS OF PLAINTIFF'S CLAIMS ARE DEEMED ADMITTED AND DEFAULT JUDGMENT IS WARRANTED

Pursuant to Rule 55(b)(2) and Local Rule 55-1, Plaintiff is entitled to Default Judgment against Defendants because:

(1) Plaintiff served all Defendants with a copy of his Complaint between March 11 and 12, 2010.  (Dkt. #s 5, 6, 7.)
(2) Defendants failed to file Answers.
(3) Default was entered against El Paseo on June 4, 2010.  (Dkt. # 13), and against La Curacao and Adir on June 23, 2010.  (Dkt. # 18.)
(4) No Defendant is a minor, incompetent person, in the United States military or otherwise exempted under the Service Members Relief Act.
(5) Notice of the Application for Default Judgment was served on Defendants by mail on July 13, 2010.  (Dkt. # 22.)
(7) This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1331 and 1367(a).

Because the Court finds Defendants in default, the factual allegations in Plaintiff's Complaint are deemed admitted as follows:

(1) Plaintiff is a California resident with physical disabilities.  He is a paraplegic who requires a wheelchair for mobility.  (Complaint "Compl." ¶ 2.)
(2) Defendants are, or were at the time of the incident, the owners, operators, lessors and lessees of the public business establishment La Curacao (a home furnishings store), located at 8618 Garfield Avenue, South Gate, California.  (Compl. ¶¶ 3, 9.)
(3) The Plaintiff attempted to purchase a television set La Curacao in July, 2008.  (Compl. ¶ 8.)
(4) However, La Curacao presented barriers to persons in wheelchairs in violation of the Americans with Disabilities Act ("ADA") Accessibility Guidelines and the Unruh Civil Rights Act, including a lack of both an  accessible path of travel onto the

JS-6  O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01492 ODW (FMOx) | Date | September 22, 2010 |
|---|---|---|---|
| Title | *Juan Moreno v. La Curacao, et al.* | | |

sidewalk that fronts and leads into the store, and properly located accessible parking. (Compl. ¶¶ 10, 13.)
(5) The barriers resulted in Defendants' failure to provide "full and equal" accommodations, facilities, privileges or services to Plaintiff. (Compl. ¶ 13.)
(6) The elimination of such barriers is "readily achievable." (Compl. ¶ 13.)
(7) Plaintiff will be unable to patronize La Curacao on a "full and equal" basis until those barriers are removed and the location is brought into compliance with the ADA Accessibility Guidelines. (Compl. ¶ 12.)

Based on the foregoing, Default Judgment against Defendants is warranted.

**B. DAMAGES**

The Federal Rules of Civil Procedure provide that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). *See also* FED. R. CIV. P. 4(a)(E) (summons must "notify defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the compliant"). "The court may conduct hearings or make referrals . . . when, to enter or effectuate a judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." FED. R. CIV. P. 55(b)(2). Default judgment may be entered without a hearing on damages when the amount claimed is capable of ascertainment from definite figures in documentary evidence or detailed affidavits. *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

Plaintiff requests judgment against Defendants in the total amount of $7,702.53, consisting of: (1) $4,000, the minimum amount of statutory damages under California Civil Code section 52(a), and (2) attorney's fees and costs. Plaintiff also requests that the Court enter a mandatory injunction requiring Defendants' to alter the subject premises such that it may be brought into compliance with the ADA Accessibility Guidelines.

1. Statutory Damages

"A violation of the right of any individual under the [ADA] . . . also constitute[s] a violation of [California's Unruh Civil Rights Act]." Cal. Civ. Code § 51(f). Under Title III of the ADA, the "failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable" such that persons with disabilities are denied "full and equal enjoyment of the [benefits of the use] of any place of public accommodation" shall constitute an act of discrimination. 42 U.S.C. § 12182(a), (b)(2)(A)(iv).

JS-6   O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01492 ODW (FMOx) | Date | September 22, 2010 |
|---|---|---|---|
| Title | *Juan Moreno v. La Curacao, et al.* | | |

The ADA Accessibility Guidelines specifically provide for "at least one accessible route within the boundary of the site . . . provided from . . . accessible parking, and accessible passenger loading zones, and public streets or sidewalks to the accessible building entrance they serve." 28 C.F.R. Part 36, Appendix A, § 4.3.2(1). In addition, "accessible parking spaces serving a particular building shall be located on the shortest accessible route of travel from adjacent parking to an accessible entrance." *Id*. § 4.6.2. "In parking facilities that do not serve a particular building, accessible parking shall be located on the shortest accessible route of travel to an accessible pedestrian entrance of the *parking facility*." *Id*. (defining accessibility in terms of the location of the parking facility, and not in reference to the entrances of *all* of the various establishments served by the parking facility.) Finally, "curb ramps . . . shall be provided wherever an accessible route [of travel under these guidelines] crosses a curb." *Id*. § 4.7.1. Because Defendants are in default, Plaintiff's allegations pertaining to Defendants' failure to provide sufficient handicapped accessible parking and the shortest possible accessible route of travel to the establishment he sought to visit are deemed admitted, and Defendants' resulting violations of the ADA and Unruh Civil Rights Act conclusively established.[1]

Any person denied the rights provided by the Unruh Civil Rights Act (by way of violation of the ADA) is entitled to recover either three times the amount of actual damages proved to the court, or statutory damages in the amount of no less than four-thousand dollars ($4,000) for each offense. Cal. Civ. Code § 52(a). Statutory damages are available without proof of actual damages, and are particularly warranted in cases in which the defendant or defendants "fail[] to appear and respond to [the] [p]laintiff's Complaint . . . [making it impossible for the plaintiff] to pursue discovery [and] thereby prejudicing [the plaintiff's] ability to establish its actual damages. *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir.1982); *Craigslist, Inc. v. Naturemarket*, Inc., 694 F. Supp. 2d 1039, 1062 (N.D. Cal. 2010). The district court has wide discretion in determining the amount of statutory damages to be awarded, and should consider what is just based on all of the particular circumstances of the case. *See Los Angeles News Service v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998). Because Defendants here are in Default, Plaintiff's request for statutory damages rather than actual damages is appropriate. Further, because Plaintiff requests the minimum amount of statutory damages available for the one violation he alleges Defendants' committed, the Court can find no reason for determining that Plaintiff's request is anything other

---

[1] The Court notes however, that Plaintiff's own evidence fails to conclusively establish his entitlement to the relief he seeks. (See Application for Default Judgment, Exhibit 1 at 1-3, 9-11, 15, 31-34, 38, 44-46 (demonstrating that the subject parking lot serves more than one particular establishment, that there were marked passenger loading zones immediately in front of the store Plaintiff wished to visit, and that curb-cuts were included in the sidewalks adjacent to the handicapped parking located against the building negating the need for users to cross traffic lanes and parking lot thoroughfares.))

Case 2:10-cv-01492-ODW-FMO Document 27 Filed 09/22/10 Page 5 of 6 Page ID #:166

JS-6   O
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01492 ODW (FMOx) | Date | September 22, 2010 |
|---|---|---|---|
| Title | *Juan Moreno v. La Curacao, et al.* | | |

than "fair and just" under these circumstances. Accordingly, Plaintiff's Application for Default Judgment against Defendants in the amount $4,000 in statutory damages is hereby GRANTED.

    2.    Mandatory Injunction

Plaintiff also requests an order compelling Defendants to institute structural renovations such that he (and others similarly situated) may enjoy "full and equal" use of the facilities at issue here. Specifically, Plaintiff requests that Defendants be ordered to "install designated van accessible handicapped parking on the shortest accessible route of travel from adjacent parking to the accessible entrance," and "install an accessible path of travel from the adjacent parking to the accessible entrance to the store by installing a ramp or curb-cut to allow access to the sidewalk that fronts the entrance."

28 C.F.R. section 35.150(a)(1) does not necessarily require a public entity to make each of its existing facilities accessible. *Schonfeld v. City of Carlsbad*, 978 F. Supp. 1329, 1336-37 (S.D. Cal. 1997) (citations omitted). "However, each of the entity's services, programs, and activities must be operated so that, when *viewed in its entirety*, it is 'readily accessible to and usable by individuals with disabilities.'" *Id*. (quoting 28 C.F.R. § 35.150(a)). "This mandate may be met by a variety of means, which may not necessarily include structural changes in existing facilities." *Id*. Indeed, "the ADA Regulations expressly provide that an entity need not make structural changes to existing facilities 'where other methods are effective in achieving compliance.'" *Id*. (quoting 28 C.F.R. § 35.150(b)(1)).

While Defendants' default by itself establishes their violation of the ADA, and any continued non-compliance with the Accessibility Guidelines should not be tolerated, the Court is unwilling to order the structural renovation of Defendant's parking facilities as Plaintiff requests. As the statute indicates, compliance may be achieved in a number of manners that do not necessarily include construction. The addition of a greater number of curb cuts or closer handicapped parking spots (that might in fact require users to traverse heavier-trafficked areas) are both viable options. However, it is for Defendants to evaluate the most efficient manner in which to provide Plaintiff and those similarly situated with "full and equal" access to their facilities, and it is in Defendants' best interest to ensure that such accommodations are readily identifiable.[2] Because Plaintiff requests a mandatory injunction by which Defendants' would have no choice but to institute structural changes in their existing facilities in order to come into ADA compliance, and because the statute does not require that compliance be accomplished only through structural changes, Plaintiff's Application for a mandatory injunction is hereby DENIED.

---

[2] The Court again notes that it is Defendants' default, and not the strength of Plaintiff's evidence that occasions this admonition.

JS-6 O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01492 ODW (FMOx) | Date | September 22, 2010 |
|---|---|---|---|
| Title | *Juan Moreno v. La Curacao, et al.* | | |

3. Attorney's Fees and Costs

Plaintiff also requests attorney's fees and costs. Attorney's fees in default judgments are set by Local Rule 55-3. Absent special circumstances, in judgments between $1,000.01 and $10,000, the court sets attorneys fees at $300 plus 10% of the amount awarded over $1,000. *See* L.R. 55-3. The Court has awarded Plaintiff a total of $4,000 in statutory damages. Therefore, attorney's fees in the amount of $600 is appropriately awarded to Plaintiff as well.[3]

### III. CONCLUSION

In light of the foregoing, the Court GRANTS IN PART Plaintiff's Motion For Default Judgment. Plaintiff shall recover a total of $4,600 from Defendants, consisting of statutory damages and attorney's fees. The Court further DENIES Plaintiff's Application for a mandatory injunction, but warns Defendants that changes to their facilities such that their ADA compliance is readily ascertainable might serve their best interests as well as improve any potential hardship faced by persons with disabilities.

IT IS SO ORDERED.

|   | : | 00 |
|---|---|---|
| Initials of Preparer | RGN | |

---

[3] Plaintiff's request for costs should be made by application to the Clerk of the Court. L.R. 54-3.